# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **GUAM** | **07-00028** |
|---|---|---|

| Name under which you were convicted: **SOON C PAE** | Docket or Case No. **CR-04-00029** |
|---|---|

| Place of Confinement: **5100 P.O. ADELANTO, CA. 92301** | Prisoner No.: **02450-093** |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name and) **FILED** **DISTRICT COURT OF GUAM** |
|---|---|
| | **SOON C PAE** |

**FILED**

**DISTRICT COURT OF GUAM**

**OCT 15 2007**

**JEANNE G. QUINATA**
**Clerk of Court**

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF GUAM**

   (b) Criminal docket or case number (if you know): **CR-04-00029**

2. (a) Date of the judgment of conviction (if you know): **JUNE 6, 2005**

   (b) Date of sentencing: **JUNE 6, 2005**

3. Length of sentence: **87 MONTHS**

4. Nature of crime (all counts): **TITLE 21 841/846 CONSPIRACY TO DISTRIBUTE METH**

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐        (2) Guilty ☒        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not-guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☐        Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☐

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions.
petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐ No ☒X

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐ No☒☒

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☒X   No ☐

(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: _____  **INEFFECTIVE ASSISTANCE OF COUNSEL**

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE ATTACHED**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No **XX**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No **XX**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No **XX**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____

**GROUND TWO:** ___ **VIOLATION OF SIXTH AMENDMENT**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**SEE ATTACHED**
_____
_____
_____
_____
_____
_____
_____
_____

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction. did you raise this issue?

Yes ☐   No XX

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion. petition. or application?

Yes ☐   No XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No XX

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No XX

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No XX

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒☒☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒☒☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☒☒☒

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☒☒☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☒☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No **XX**

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post conviction motion, petition, or application?

Yes ☐ No **XXX**

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No **X**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No **X**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No **X**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No **XXX**

27. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No **XX**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No **XX**

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* __**THIS MOTION IS NOT WITHIN THE ONE YEAR LIMITATION**__

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ (month, date, year).

Executed (signed) on _**10/5/07**_ (date).


_Soon Chong Pae_

Signature of Movant

**SOON C PAE**

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____


IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

• • • • •

SOON C PAE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5100
ADELANTO, CA. 92301

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ___GUAM___

UNITED STATES OF AMERICA )
     Respondent )
      )
      ) CRIMINAL CASE # ___CR-04-00029___
v )
SOON C PAE ) §2255 MOTION TO VACATE OR SET ASIDE
     Petitioner ) SENTENCE.
      )
_____ )

## MEMORANDUM IN SUPPORT OF MITON TO REDUCE SENTENCE PERSUANT TO 18 U.S.C § 2255

**COMES NOW PETITIONER** Appearing Pro Se pursuant to the application of
the Federal Rules and Status and in support of Review and Correction of
her sentence in this cse, on the grounds that the sentence impose was
determined and imposed in violation of the Fourth, Fifth and Six Amen-
dment.

## PRO SE STATUS JUDICIAL INTERPRETATION AND CONSTRUCTION

    The defendant is filing this Motion Pro Se, being indigent and having
no legal training or experience and being limited by the functional
constraints of incarceration the defendant is depending upon this court
to review the facts, the remedies and to apply to teh appropriate rule
or statues the facts and requested relief dictate, See U.S. v Young 936
F.2d (Ca. 9 1991).

PAGE (1)

**NOW COMES PETITIONER , PRO SE** Requesting this Honorable Judge to accept this § **2255. Federal Custody; remedies on motion attacking Sentence.**

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate set, aside or correct the sentence

A motion for such relief may be made at any time.
Unless the motion and the files and recoreds of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make finding of fact and conlcusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render teh judgement vulnerable to collateral attack the court shall vacate and set the judgement aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. For all these reasons I pray this Honorable Court to accept this motion and give petitioner the opportunity to be heard

### PAGE (2)

Petitioner (Pro Se) to this Honorable Court to seeking the correction of her sentence pursuant to 18 U.S.C ¶ 2255 (a)(1)(2). She asks this Court to give retroactive application of the ruling in the recent Supreme Court to grant petitioner a reduce sentence and give her the opportunity to be heard and allow the truth to comeforward.

This motion serves also as a notice of appeal pursuant to 18 U.S.C. 2255 to the illegal sentence it was recieved by this court for violating 21 U.S.C. § 841 Distribution of Methamphetamine in which Petitioner recieved _87_, months sentence.

Petitioner respectfully requests that the court grant her motion and ~ vacate reverse and /or remand her sentence accordingly.

Petitioner moves the court to grant her § 2255 Petition adn, if necessary an evidentiary hearing on the basis that her Sixth Amendment right to counsel has been violated Petitioner requests that the court accet her petition and grant her an evidentiary hearing on the factual issues raised in her affidavit. In the event that an evidentiary hearing is deemend unnecessary by the court, Petitioner based upon the law and evidence presented in her petitioner requests that her guilty plea be set aside.

## Statutory Limitations

Petitioner's motion is in excess of the statutory period in which to petition for a Section 2255 Petition due to her inability to understand the law, During the entire representation, it is petitioners's contention that counsel failed to advise her, on numerous occasions, and that these failures resulted in petitioner's believing that Counsel would "prove her innocence" and left her in ignorance of the actual evidence to be used against her.

## FACTS

Comes now Petitioner Soon C Pae requesting this Honorable Court to accept this motion and give petitioner the opportunity to be heard and allow the truth to comeforward, petitioner Pae was sentence on June 6, 2007 for Title 21 841/846 Conspiracy to Distribute Meth.

From beginning to end petitioner feel that she was deprived of all her constitutional rights for not having the effective assistance of counsel counsel was so ineffective that never took the time to help petitioner in the process of her case and not knowing the languange not knowing the Criminal System and not having an effective assistance of counsel she was deprived of all her constitutional rights.

Counsel never explain petitioner the consequences of her signing the plea agreement counsel never explain petitioner that by signing the plea agreement she was waiving all her constitutional rights. Counsel was so ineffective that he never file petitioner's appeal causing this extremerly hardship to petitioner.

Petitioner Pae moves the court to grant her § 2255 Petition and, if necessary, an evidentiary hearing on the basis that her Sixth Amendment right to counsel has been violated. Ms Pae requests that the court accept her petition and grant her an evidentiary hearing ont he factual issues raised in her motion. In the event that an evidentiary hearing is deemend unnecessary by the court, Ms Pae based upon the law and evidence presented in her Memorandum requests that her quilty plea be se aside.

### PAGE (4)

## STATUTORY LIMITATIONS

Ms Paes' motion is in excess of the statutory period in which to petitione for a Section 2255 Petition due to her inability to read, write and speak English and her lack of understanding of the U.S.Criminal system.

Ms Pae is a woman with limited education. She was representend by appointed Counsel for her sentence in which she wa sentence to 87 months

Counsel never file petitioner's appeal Ms Pae did not learn until August 2007, through another inmate who speaks Spanish, that there were alternatives to appeal and that a Section 2255 Petition was one of the alternatives. For that reason she is filing her motion as soon as she was able to find someone who spoke and was able to write English for her motion to explain this Honorable court to please grant her a reduce sentence and give her the opportunity to have an early start, Petitioner feel that the sentence impose is an unjust sentence for the crime committed and not having effective assistance and not knowing the law she was deprived of all her constitutional rights.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Ms Pae had a counsel that represented her through entry of her plea agreement. Ms Pae motion for a section 2255 Petion and evidentiary hearing on the baiss that counsel representation was ineffective , thereby violating her Sixth Amendment rights.

During the representation of Ms Pae counsel failed to provide any documents regarding the government's accusations and the defenses he intented to use at trial to her. Counsel explanation to Ms Pae for not providing documents regarding the prosectuion and defense of her case was that it

was dangerous for her to have any documents. Counsel failed to advise
Ms Pae of the nature of the defenses he intended to use for her defense

Counsel told Ms Pae that he was going to prove her innocence," but
failed to advise her how he intended to do so.

Failure of counsel to provide advice may form a basis of a claim of
ineffective assistance of counsel. Libretti v U.S 516 US 29 (1995).

The benchmark for judging a claim of ineffective assistnace of counsel
is whether counsel's conduct undermined the proper functioning of the
adversarial process. Strickland v Washington , 466 US 668, 687-696 (1948)
Strickland requires that the defendandatn demonstrate that counsel's
performance was not only deficient but also prejudicial to the defense . Id

Ms Paes' counsel's failure to advise her of the sentence of each
criminal accusation against her, as well as the mandatory sentence, is
ineffective assitance of counsel.   Whether the court advised the defendant
is immaterial.

The attorney to the defendant which is considered in determining whether
defendant received effective assitance U.S. v Martini, 31 F.3d 781 , 782
(9th Cir, 1994).

Counsel request Ms Pae to sign the plea agreement without the benefit
of any bargain of her plea.  Without knowledge of the criminal system, no
understanding of English no advice form counsel regarding the government's
evidence to be used against her no discussion of her defenses, or the
sentence that she would be subject to. Ms Pae could not have made a volun-
tary knowing and intelligent guilty plea.

**PAGE (6)**

Petitioner sseks to vacate and set aside her sentence due to errors
of constitutional magnitude occurring at her sentencing adn as part of
her right to appeallate review. These errors were the causative result
of acute violations of the petitioner's Fifth Amendment rights as well
as petitioner's Fifth Amendment rights as well as petitioner's denial of
effective assistance of counsel in violation of the Sixth Amendment to the
U.S. Constitution but for these abreidgments petitioner would not have
suffered the detriment of these errors and more likely than not would have
been acquitted of much of the charged conduct.

Petitioner's conviction and setnece were tainted as petitioner did not
receive effective assistance of counsel during the underlying criminal
proceedings.

The Sixth Amendment to the United States Constitution insures effective
assistnace of legal representation to all criminal defendants. "The right
to competent counsel must be assured every man accused of crime .

Petitioner feels that not having the effective assistance of counsel
was deprived of her constitutional rights.

Finally, the error affecte the fairnes of petitioner proceedings in
discussing the fairness of the result in Blakely . the court stated

> Any evaluation of Apprendi's "fairness " to criminal
> defendants must compare it with the regime it replaced
> in which a defendant, with no warning in either his
> indictment or plea would routinely see his maximum
> potential sentence balloon from as little as five
> years to as much as life imprisonment see 21 U.S. 841
> (b)(1) (A)(D), based not on facts proved to his peers

beyond a reasonable doubt, but on facts extracted
after trial from a report compiled by a probation
officer who authored the PSI.

## AMOUNT, TYPE AND PURITY OF DRUG---RULE LENITY

In this case, the petitioner was held accountable for drug amounts
of which she neither admitted to, nor had any knowledge of furethermore
the petitioner was held accountable for an amount that was determined
by used of the wrong standard of proof.

Despite the general reference in the indictment as to the nospecific
type of drugs (The indictment did not specify provisions. See also
**Norby and U.S. V AGUAYO DELGADO** No 99-4098 , 18 July 2000, 8th Circuit

The Count (s) of which the Petitioner was convicted neither stated
the specific amount, type or purity, nor made any reference to the
penalty section of 21 USC 841 (b). Therefore the Court was required,
under the **RULE OF LENITY** and the omissions in the record, to sentence
the defendant to the lower level associated with his crime and the 841
(a) section.

A valid "guilty" verdict or plea implies the presentence of the drugs
in some amount, but no more than minimal-- and does not establish any
amoung above the minimum required for validating the conviction and
sentencing under the lower (statutory or Guideline) range. Without a
specific amount, purity, type the level would be at the lowest level
at which the drug was never presentend to petitioner.

The Sentencing Guidelines provide for a significantly increased range
of incarceration depending upon the actual amount, type and purity,

The Petitioner was neither charged with, nor convicted of 841 (b)(1)
the section under which she was sentenced as, opposed to a twenty year

Drug quantity is an element must always be pleaded
and proved to a jury or admitted by a defendant to
support conviction or sentence on an aggravated
offense under § 841 (b)(1)(A) or (b)(1)(B). If a def
endant only on a lesser unquantified drug charge, he
must be sentenced pursuant to § 841 (b)(1)(C), which
generally provides no minimum mandatory sentence.

**GUILTY PLEA.** Because the defendant was misinformed as to her right
to have the charged drug quantity proved to a jury, and because
she did not admit drug quantity at her plea allocation, "her guilty
plea to an aggravated § 841 (b)(1)(A) offense was not knowing, voluntary
or sufficient to support the judgment of conviction," the Court conclu-
ded.

Furthermore, because the circumstances of this case do not show that
the defendant would have pleaded guilty to the offense had she been
properly advised, the error was not harmless, the court said. As
reported in the CLR Vol 77. No. 21.

### UNITED STATES v CORDOBA-MURGAS

The second circuit Court of Appeals , in further interpreting Apprendi
v New Jersey, , 530 U.S. 466 (2000), issued a decision that gave substance
to the Supreme Court's determination of statutory maximum sentences, and
a court's jurisdiction to impose a sentence. **In United States v Cordoba-
Murgas,** 422 F.3d 65 (2nd Cir 2005), held that, [A] defendant's admission
in his plea allocation as to the amount of drugs his offense involved
does not waive the requirement that **ANY DRUG QUANTITY** used to increas
a sentence above the statutory maximum be charged in the indictment

The Court, in its determination held that "[I]n Apprendi the

the Supreme Court held that any fact, other than a prior conviction
that increases a **PENALTY** for a crime beyond the prescribed statutory
maximum must be submitted to a jury and proven beyond a reasonable
doubt." The court, in the wake of apprendi , held that "if the type
and quantity of drugs involved in a charged offense may be used to
increase a sentence above the statutory maximum for an indeterminant
quantity of drugs, then the type and quantity of drugs is **AN ELEMENT**
of the offense that must be charged in the indictment and submitted to
the jury."(citing United States v Thomas, 274 F.3d 655 (2nd Cir 2001)
As expressed in United States v Gonzalez , supra, the Court clarified
that, "[t]he addition of a drug quantity element to an 841 offense....
results in a different criminal charge from the same offense pleaded
to without regard to quantity." Thus, a violation of 21 U.S.C. § 841
(a) with not specified quantity of drugs, constitues a different
crime with a specified quantity, and the applicable penalty varies
accordingly --the court said, "Here, the increased sentence meant
that the defendants were effectively convicted for a crime-- possession
of a specified quantity --for which he was not indicted. " Finally
the Court found that the error here was a **JURISDICTIONAL DEFECT AND
CANNOT BE WAIVED.**"

**PAGE (10)**

## THE TRUE MAXIMUM--THE MANDATORY NATURE OF THE GUIDELINES

Finally, the **APPRENDI** reference to "statutory maximum" can not be taken as a true limitation on the application of the rule, when viewed in light of the (essentially) mandatory nature of the Guidelines ranges, It is universally recognized , and may indeed be the number of all Defendants ever risk receiving the "statutory maximum" ceiling were truly the lynch pin to the **APPRENDI** rule, there would be no concern for the "watershed" nature of the decision. This is so because with the passage of the Sentencing Guidelines, and absent extraordinary circumstances specifically found, the Court is restricted to the Guideline Range well within the "statutory maximum. "

The mandatory nature of the Guidelines was earlier addressed by Justice Scalia in his dissenting opinion **MISTRETTA v U.S.** 102 L.Ed. 2d 714, at 756: "While the products of the Sentencing Commissions's labors have been given the mosdest "Guidelines".... they have the force and effect of laws, prescribing the sentences criminal defendants are to receive. A Judge who disregards them will reversed."

This clearer understanding of the actual impact of the Guidelines was revisited by Justice Scalia, and the application of the **APPRENDI** rule was explained, as he responded to the dissent by Justice Bryer: "[The dissent] proceeds on the erroneous and all-too-commonn assumption that the Constitution means what we thing is ought to mean. It does not; it means what it says. And the guarantee that "[in] all criminal prosecutions, the accused shall enjoy the right to.... trial by an impartial

jury' has no intelligible content, unless it means that all the facts which must exist in order to subject the Defendant to legally prescribed punishment must be found by the jury." See **APPRENDI** supra at 17.

For all these reasons petitioner pray that this Honorable Court accept this motion and grant petitioner the opportunity to be heard.

This is petitioner's first conviction and petitioner pray that this court grant petitioner the opportunity to reduce her sentence and give her a re-hearing .

Petitioner was never aware of the sentence impose counsel never explain petitioner that by signing the plea agreement petitioner was waiving all her Constitutional rights, .

An indictment's omission of an element of a crime does not necessarily man that a defendant's right to receive notice has been so impaired that reversal is warranted on that basis. An indictment that identifies the basic time and the nature of a crime, and that identifies the statute alleged to be violated, puts the defendant on notice that the government intents to prove each and every element in order to obtain conviction. A defendant faced with such an indictment ordinarily will be able to frame a defense based on that information. Moreover where an indictment provides insufficient factual detail to inform the defendant of the nature of the charge, it would be particularly inappropriate to apply a rule of automatic **reversal** because the defendant has other means of receiving notice of the factual allegations that the government intends to prove at trial. Most significantly, the defendant may file a motion for a bill of particulars in which the defendants lists a

series of questions concerning the charge offense that he wants the government to answer . See e.g. Fed R. Crim P. 7(f) A court is required to issue a bill of particulars where "it is necessary that defendant have the particulars sought in order to prepare the defense and in order that prejudical surprise will be avoided." In addition , the defendant may be able to obtain information concerning the factual specifies of the governmetn's case through pretrial discovery. See. e.g. Fed. R. Crim P. 16 (a).

The explicit notice requirement of the Sixth Amendment is violated only if a defendant can show not only that the indictment was deficient because it provided insufficient factual detail, but also that the defendant suffered factual detail, but also that the defendant suffered actual prejudice rom that deficiency. See e.g. United States v Wydermyer 51 F3d 319, 325 (2d Cir 1995). There is no reason for taking a different approach to alleged Grand Jury Clause violations based on impairments of the notice-giving function of a federal indictment.

This court's decision in Stirone, supra , does not require a different conclusion. In Stirone, the court held that the Fifth Amendment was violated , and automatic reversal warranted whent he government proved an element at trial based on a factual theory that deviated from the factual theory advanced in the indictment Id at 217.

**PAGE (13)**

Here, in light of the Second Circuit's holding in United States
v Cordoba - Murgas    , finding that the wieght of an § 841
drug offense is an essential element; and the omission of this critical
element, requires that this Court Vacate and Reverse the judgment of
conviction . Or in the alternative, to grant the petitioner a certificate
of appealability, as he has been denied her constitutional right of due
process under the Fifth and Fourteenth Amendments to the United States
Constitution.  The Court's to Gonzalez and Cordova-Murgas,, supra deserve
encouragement to proceed farther § 2255.

Petitioner did not agree to the sentence impose counsel never explain
to petitioner that by signing the plea agreement she was waiving all her
cosntitutional rights,     As seen on United States v Thomas 274 F.3d
655 (2d Cir 2001) (en banc) .  We held  that "if the type and quantity
of drugs involved in a charged crime may be used to impose a sentence
above the statutory maximum for an indictment and submitted to the jury"
Id. at 600 (footnotes omitted). Relying on this language, defendant
Cordoba claims that because the indictment returned by the grand jury
charged him with a violation of 21 U.S.C. § 841 (a), and did not specify
any quantity of drugs, the maximum statutory penalty he is subject to is
twenty years imprisonment as set forth in 21 U.S.C. § 841 (b)(1)(C)
because he was sentence to 262 months a sentence longer that the statutory
maximum for the crime for which he was indicted he seeks a vacatur of his
sentence and a remand with insturctions that the resulting sentence not
exceed twenty years.

### PAGE (14)

The rule that drug quantity is an element of any crime charged under 21 U.S.C. § 841 (a) stems from Apprendi and Thomas, . As stated in Thomas ,"because the quantity of drugs involved in a ⌐ crime may raise a defendant sentence above the statutory maximum established in 21 U.S.C § 841 " 274 F.3d at 663 ; see also, elg. Sattazahn, v Pennsylvania, 537 U.S. 101, 111, 123 S. Ct. 732, 154 L.Ed . 2d 588 (2003)(plurality opinion of Scalia J. )('Put simply if the existence of any fact (other than a prior conviction )increases the maximum punishment tha may be imposed on a defendant, that fact (other than a prior conviction) increases the maximum  punishment that may be imposed on a defendant, that fact no matter how the States labels it constituttes an element and must be found by the jury beyond a reasonalle doubt. We recently reviewed this rule and confirmed that "[t]his court has recognized the addition of a drug quantity element to a § 841(a) offense... results]s]in a criminal charge form the same offense pleaded without regard to quantity" United States v Gonzalez, 420 111, 124, (2nd Cir 2005 ) .

The government's indictment-waiver claim was effectively refuted thirty years ago, when in an opinion by the late Judge Murray I. Gurefein, we stated.

> While prosecution indictment can be waived, Fed R. Crim P. 7 (b), the only waiver that could conceivably be found here is the plea of guilty It would be tempting to hold that since a defe-
>
> dant may waive indictmetn, a plea of guilty is at
>
> least its equivalent.  We recognize.

that one of the grounds for requiring prosecution
by indictment is to protect a possible innocent
defendant has admitted that he is not innocent
Yet the waiver of indictment has been deliberately
clothed in formal procedure.  it must be made in
open court and the defendant must be told the nature
of the charge and informed of his rights before he
is allowed to consent to the waiver.  We cannot erode
the protective formality of the rule because a hard
case.

Petitioner did not agree with the sentence impose and she requested

counsel several times to help her in the process of her case, .

The drug quantity thresholds for which federal narcotics scheme

provides increases in the maximum and minimum sentences always qualify

as offense elements that must be charged and either proved to a jury

beyond a reasonable doubt or admitted by the defendant. Second Circuit

ruling.... on August 22, 2005 Id . Gonzalez .  The ruling distringuished

the mandatory minimum sentences upheld in Harris v United States, 536

U.S.C. § 841 (b)(1)(A) and (B). increase both the maximum sentences

authorized .

**DRUG QUANTITY IS AN ELEMENT THAT MUST ALWAYS BE PLEADED AND PROVED
TO A JURY OR ADMITTED BY A DEFENDANT TO SUPPORT CONVICTION OR
SENTENCE ON AN AGGRAVATED OFFENSE UNDER § 841 (b)(1)(A or (b)(1)(B)**

Judge Reena Raggi

The Court found supoort for this view insome of its own decisions,

see, e.g. United States v Thomas , 274 F.3d 655 (2nd Cir (2001) (en banc)

("Becuase the quantityt involved the statutory maximum established

in 21 U.S.C. § 841 (b)(1)(c) , quantity is an element of the offense

charged under 21 U.S.C. § 841 (emphasis added). as well as in the U.S.

Supreme Court.

maximum with no minimum at the lowest range in Section 841 (b)(1)
to reach this higher statutory range of penalty, it must first be
established by the Government what the amount , purity and type
were, and that they were in fact those required for teh statutory
sentencing level to be applied. Absent specific and knwoing admission
by the petitioner, the burden was on the Government to charge the
841 (b)(1) penalty section, and then to establish (and for the
jury to find ) the elements necessary to support the charge and senten-
cing level.  However under post -Guidelines to charge the 841 (b)(1)
penalty sections, and then to establish (and for the jury to find)
the elements necessary to support the charge and sentencing level

As stated by the **DOGGETT** court 'If the government seeks to
enhance penalties based upon amount of drugs under 21 USC, Section
841 (b)(1)(A) or (B), the quantity must be stated in the indictment
and submitted to a jury for a findign of proof beyond a reasonable
doubt.

The view that type and amount are elements of the crime to be
found by the jury and/ or the "reasonable doubt" standard has the
prevailing view of the law since well before the Guidelines. See
**U.S v ALVAREZ** , 75 F.2d 461 (Ca 11th Cir 1984); holding that
"...while the statutory definition of the offense makes all possession
unlawful, it provided for gradation of punishment according to (parti-
cular elements such as value weight, type etc.)  The **ALVAREZ**
court held further that" such as weight or type) an element of the
offense." and " in the absence of an allegation of the (other factors)

**RIGHT TO COUNSEL INEFFECTIVE ASSISTANCE FAILURE TO FOLLOW CLIENT"S INSTRUCTIONS TO FILE APPEAL DESPITE APPEAL WAIVER.**

An Attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal intructions to file a notice of appeal even though the client waived his right to appeal as part of a plea bargain, the U.S. Courts of Appeals for the Fourth and Fifth Circuits concluded in separate opinions issued June 28 United States v Poindexter, (4th Cir 2007) and United States v Tapp, 5th Cir . June 2007).

Sixth Amendment claims of counsel ineffectiveness usually are subjected to a two part test that requires a showing that defense counsel performance fell below objective standards of reasonableness and prejudiced the defendant . However Roe v Flores Ortega, 528 U.S. 470 (2000) the U.S. Supreme Court held that an attorney's failure to file a requested notice of appeal is perse ineffectiveness. regardless of whether the appeal would have merit of a notice of appeal constituted ineffective assistance.

Neither court found the appeal waivers agreed to by the defendant relevant to the outcome . The Fourth Circuit noted that Flores-Ortega gives an attorney latitutde only when the defendant does not clearly make his wish to appeal known to the attorney. It further said that its holding did not deprive the government of the benefit of its bargain because the government could have moved to dismiss the appeal on the ground of the waiver.

The Fifth Circuit pointed out that several other circuit courts have reached the same result, including Campusano v Untied States 442 F.3d 770.

Case 1:07-cv-00028    Document 1    Filed 10/15/2007    Page 31 of 42

Petitioner was deprived of her Right to Appeal , after her
sentence petitioner requested counsel to file her appeal but counsel
was so ineffective that never file petitioner appeal, and all these
deprived her again of her constitutional rights, The Court of Appeals
Sotomayor, Circuit Judge, held that when defense counsel does not file
requested notice of appeal and fails to file adqueate Anders Brief, courts
may not dismiss teh hypothetical appeal as frivolous on collateral review

Even after defendant' waives right to appeal, defense counsel who
believes requested appeal would be frivolous is bound to file notice of
appeal and submit Anders brief, and when counsel fails to do so , court
will presume prejudice and defendant will be entitled to direct appeal
without **any showing on collateral review that his appeal will likely
have merit. U.S.C.A Const. Amend.6.**

-- When reviewing a petition for habeas corpus court of Appeals reviews
factual findings for clear error and questions of law de novo.

Whether defense counsels' representation violates the Sixth Amendment
right to effective assistance of counsel is a mixed question of law and
fact that is reviewed de novo U.S.C.A Const. Amend 6.

Sixth Amendment right to counsel is the right to the effective assis-
tance of counsel .

Pursuant to Sixth Amendment right to effective assistance of counsel
when counsel fails to file a reqeusted appeal defendant is entitled to
a new appeal without showing that his appeal would likely have had
merit.

**PAGE (19)**

Petitioner did not agree with the sentence impose and request her counsel to file her appeal but counsel was so ineffective that he never did and all these deprived petitioner of her constitutional rights. In Flores-Ortega, the Supreme Court applied the Strickland test to claims that counsel was constitutionally ineffective for failing to file a notice of appeal 528 U.S. at 476-77 120 S Ct. 1029. The Flores Ortega Court held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable id, at 477, 120 S Ct. 1029, and that where counsel's error leads to the forfeiture of a proceeding itself prejudice will be presumed, id, at 483-84, 120 S. Ct. 1029, . "When counsel fails to file a rquested appeal a defendant is entitled to a new appeal without showing that his appeal would likely have had merit"" Id. (quoating Peguero v United states, 526 U.S. 23, 28 ; ( S. Ct. 961 , 143 L.Ed 2d (1999) (internal brackets omitted)).

the question in this case is whether the Flores Ortega presumption of prejudice applies to a defendant who has waived appéla in a plea agreement.

Counsel~was so ineffective at petitioner's case that never file her appeal As the Supreme cour has stated "[t]hose whose right to appeal has been frustrated should be treated exactly like any other appellant they should not be given an additional hurdle to clear just because their rights were vioalted at some earlier state in the proceedings" Rodriguez v United States 395 U.S. 327 , 330, 89 S. Ct 1715, 23 L.Ed . 2d 340 (1969) . The concern animating Flores-Ortega that defendants not be forced by attorney error to accept the forfeiture of a proceeding itself" is a powerful one even where the defendant is the only person who belives

Petitioner did not agree with the sentence impose and request her counsel to file her appeal but counsel was so ineffective that he never did and all these deprived petitioner of her constitutional rights. In Flores-Ortega, the Supreme Court applied the Strickland test to claims that counsel was constitutionally ineffective for failing to file a notice of appeal 528 U.S. at 476-77 120 S Ct. 1029. The Flores Ortega Court held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable id, at 477, 120 S Ct. 1029, and that where counsel's error leads to the forfeiture of a proceeding itself prejudice will be presumed, id, at 483-84, 120 S. Ct. 1029, . "When counsel fails to file a rquested appeal a defendant is entitled to a new appeal without showing that his appeal would likely have had merit"" Id. (quoating Peguero v United states, 526 U.S. 23, 28 ; ( S. Ct. 961 , 143 L.Ed 2d (1999) (internal brackets omitted)).

the question in this case is whether the Flores Ortega presumption of prejudice applies to a defendant who has waived appéla in a plea agreement.

Counsel was so ineffective at petitioner's case that never file her appeal As the Supreme cour has stated "[t]hose whose right to appeal has been frustrated should be treated exactly like any other appellant they should not be given an additional hurdle to clear just because their rights were vioalted at some earlier state in the proceedings" Rodriguez v United States 395 U.S. 327 , 330, 89 S. Ct 1715, 23 L.Ed . 2d 340 (1969) . The concern animating Flores-Ortega that defendants not be forced by attorney error to accept the forfeiture of a proceeding itself" is a powerful one even where the defendant is the only person who belives

an appeal is the only person who believes an appeal would be worthwhile 528 U.S. at 483 120 S. Ct 1029.

Petitioner pray that this Honorable Court accept this motion and give petitioner the opportunity to have a sentence reduce and grant her a reduce sentence. Petitioner submits that her sentence is unjust , grossly unfair, or disproportionate to her involvement in the crime committed Petitioner respectfully asks this court to reconsider the sentence impose and to reduce the sentence to a level which is more representative of the rehabilitative goals of the criminal justice system.

Petitioner respectfully  submits that the rehabilitative goals of the criminal justice would be better served by a reduction would reflect the potential for reform and would more closely reflect consideration of fairness and justice.

Also feels that such a reduction will more fully serve the needs of society and respectfully submits that this course of action would be more just and proper, based upon the crime involved her potential for reform her individual circumstances and other factors.

Petitioner pray that this Honorable Court accept this motion and grant petitioner the opportunity to have a sentence reduce, and allow her to have a re-hearing petitioner feels that counsel was so ineffective that never help petitioner in the process of her case, counsel fail to explain the plea agreement, counsel fail to explain the presentence report counsel fail to, rebutle for the safety valve , counsel fail to file petitioner's appeal for all counsel;s errors petitioner was sentence to all those years, beliving and trusting counsel she did everything he ask her to do. petitioner pray that now that the guidelines are advisory judge will re-sentence her based on Title  18  § 3553 (a) and allow

PAGE (22)

petitioner to have a sentence reduce based on her mitigating factors

## § 3553 IMPOSITION OF A SENTENCE

### (a) FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE

The court shall impose a sentence sufficient, but not greater than neces-
sary to comply with the purposes set forth in paragraph (2) of this
subsection. The court, in determining the particular sentence to be
imposed shall consider.

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant.

(2) the need for the sentence imposed

   (A) to reflect the seriousness of the offense to promote respect
   for the law, and to provide just punishment for the offense

   (B) to afford adequate deterrence to criminal conduct

   (C) to protect the public from further crimes of the defendant and

   (D) to provide the defendant with needed educational or vocational
   training , medical care, or other correctional treatment in the
   most effective manner.

(3)      the kind of sentence available;

(4)      the kind of sentence and the sentencing range established for

   (A) the applicable category of offense committed by the applicable
   category of defendant as set forth in the guidelines issued
   by the Sentencing Commission pursuant .

(5)      any pertinent policy statement issued by the Sentencing Commission
   pursuant to 28 U.S.C. 994 (a)(2) that is in effect on the date
   the defendnat is sentenced.

(6)      the need to avoid unwarranted sentence disparities among defendant
   with similar recoreds who have been found guilty of similar
   conduct.

(7)      the need to provide restitution to any victims of the offense--

Petitioner pray that this Honorable Court reduce petitioner's sentence and

Petitioner feels that counsel was so ineffective that never help her in the process of her in the safety valve.

## HOW THE SAFETY VALVE APPLIES

In United States v Arrigton, 73 F.3d 144, 148 (7th Cir 1996)

> Section 3553 (f) was intended to benefit
> defendants who whished to cooperate
> with the government (and in fact did
> everything they could to cooperate) but
> simply had no new or useful information
> to provide. But 3553 (f) was intented to
> benefit only those defendants who truly
> cooperate. Thus, to qualify for relief
> under 3553 (f), a defendant must demo-
>
> nstrate to the court that he has made a
> good faith attempt to cooperate with the
> authorities.

For a defendant to qualify for departure under U.S.S.G. 5K1.1 the Government must make a motion for the departure, and the defendant must have given the Government substantial assistance in the investigation or prosecution of another person.

In contrast a court may grant a defendant relief under U.S.S.G. § 5C1. 2 if the defendant provides the government with the information and evidence that he has concerning an offense evern if "the defendant has no relevant or useful other information to provide or the Government is already aware of the information... "U.S.S.G. § 5C1.2(5). In other words, a defendant can qualify for  relief under Section 5C1.2 even if he does

not substantially assist the Government. Furthermore, it is the court, and not the Government, the determines whether a defendant qualifies for relief under Section 5C1.2.

Thus, whereas Section 5K1.1 is intented to grant relief only if a defendant substantially assists the Government, Section 5C1.2 is intended to grant relief to a defendant who provides all the information he possesses, regardless of whether the information assists the Government or not. As the legislative history explain: "A defendant who genuinely lacks knowledge or relevant information because of his or her limited role in the offense will not be precluded from benefitting from the exception if the court determines that the defendant has otherwise complied with the paragraph's requirements " H.R. Rep. 103 460-103 Cong, 2d Sess., 1994 WL 107571 (1994).

Several courts have characterized the safety valve provisions requiring "more than the acceptance of responsibility provision, insofar as defendant must provide information concerning co-conspirators, Ivester 75 F.3d at 184 and "concerning offenses that were part of the same course of conduct of of a common scheme of plan" Arrington,73 F.3d at 149 (18 U.S.C. §3553⁻ (f)(5) . However, there is no requirement that a defendant meet the requirements for acceptance for responsibility in order to qualify for relief under the safety valve provision.

Under U.S.S.G. § 3E1.1 a defendant must, in addition to accepting responsibility for his offense "timely provide complete information to the government concerning his own involvement in the offense " or "timely notify authorities of his intention to enter a plea of guilty thereby permitting the Government to avoid preparing for a trial ..."

By contrast, Section 3553 (f) requires, in addition to minimal

criminal history and minimal role in a nonviolent crime, that the
defendant, not later than the time of the sentencing hearing.....
truthfully provide to the Government all information and evidence [that he]
has concerning the offense or offenses that were part of the same course of
conduct or of a common scheme or plan.... 18 U.S.C §¯3553¨ (f)(5)

The safety valve statute is not concerned with sparing the government
the trouble of preparing for and proceeding with trial as is U.S.S.G. § 3E1.
or as explained infra, with providing the Government a means to reward
a defendant for supplying useful information, as is U.S..S.G. § 5K1. Rather
the safety valve was designed to allow the sentencing court to disregard
the statutory minimum in sentencing first-time nonviolent drug offenders who
played a minor role int he offense and who " have made a good faith effort
to cooperate with the Government. " Arlington,,73 F.3d at 147.

" A defendant need not disclose information to any particular govern-
ment to be eligible for relief undeR U.S.S.G. § 5C1.2." Thus the fact the
current AUSA was not present when anothe AUSA .

For all these reasons petitioner pray that this Honorable Court
grant petitioner a reduce sentence and give her the opportunity to be heard

PAGE (26)

**give** her the opportunity to have a sentence reduce.

Respecfully Submitted on this 5 day of October, 2007

Respectfully Submitted

*Soon Chong Rae*

SOON C PAE # 02450-093
Federal Correctional Institution
P.O. Box 5100
Adelanto, Ca. 92301

## CERTIFICATE OF SERVICE

This is to certified that I Soon C Pae deposit this 2255 Motion on a
Federal Correctional Institution in the City of Adelanto, Ca. 92301

*Soon Chong Rae*

SOON C PAE # 02450-093
Federal Correctional Institution
P.O. Box 5100
Adelanto, Ca. 92301

**PAGE (27 )**

```
REGNO..: 02450-093 NAME: PAE, SOON C


FBI NO...........:                         DATE OF BIRTH: 10-27-1942
ARS1.............: VVM/A-DES
UNIT.............: G                        QUARTERS.....: G09-068L
DETAINERS........: NO                       NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 02-23-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  08-23-2011 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: GUAM
DOCKET NUMBER...................: CR-04-00029
JUDGE...........................: MARTINEZ
DATE SENTENCED/PROBATION IMPOSED: 06-06-2005
DATE COMMITTED..................: 07-27-2005
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES:  NO      AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 381
OFF/CHG: T21 841/846 CONSPIRACY TO DISTRIBUTE METH.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   87 MONTHS
  TERM OF SUPERVISION............:    4 YEARS
  DATE OF OFFENSE................: 11-13-2003




G0002        MORE PAGES TO FOLLOW . . .
```

REGNO..: 02450-093 NAME: PAE, SOON C

------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-03-2005 AT DUB AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-27-2005
TOTAL TERM IN EFFECT............:  87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   7 YEARS     3 MONTHS
EARLIEST DATE OF OFFENSE........: 11-13-2003

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   11-13-2003   11-13-2003
                                   06-14-2004   09-09-2004

TOTAL PRIOR CREDIT TIME.........: 89
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 08-23-2011
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-29-2012


PROJECTED SATISFACTION DATE.....: 08-23-2011
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: ON 07-27-2005 INMATE PAE #02450-093 V/S TO FCI DUBLIN.


G0000       TRANSACTION SUCCESSFULLY COMPLETED